IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PETRIE HOLMES )
) No. 20-402
v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed an application for social security disability benefits, based on physical impairments, including rheumatoid arthritis and osteoarthritis of the knees and shoulder. Her application was denied initially and upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council granted review of her subsequent appeal, and remanded the matter. The ALJ held additional hearings on remand, and again denied Plaintiff's application. The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II.     THE PARTIES' MOTIONS

Plaintiff claims that the decision below is not supported by substantial evidence, due to errors at step five in the sequential analysis. In particular, she asserts that there exists an unresolved

conflict regarding the job of data entry clerk, and that the transferability of skills analysis for database support worker was faulty. Defendant appears to concede the former point, but suggests that any error is harmless, because the job of database support worker provides the requisite support for the ALJ's decision.

Regarding the database support job, Plaintiff contends that when asked about the transferability of skills, the vocational expert ("VE") was unable to answer whether the pertinent skills were specific to the industry or work setting. Applicable regulations provide as follows:

> To find that an individual who is age 55 or over and is limited to sedentary work exertion has skills transferable to sedentary occupations, there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings or the industry. … Individuals with these adverse vocational profiles cannot be expected to make a vocational adjustment to substantial changes in work simply because skilled or semiskilled jobs can be identified which have some degree of skill similarity with their PRW. In order to establish transferability of skills for such individuals, the semiskilled or skilled job duties of their past work must be so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation.
> \*\*\*
> Generally, where job skills are unique to a specific work process in a particular industry or work setting, e.g., carpenter in the construction industry, skills will not be found to be transferable without the need for more than a minimal vocational adjustment by way of tools, work processes, work settings or industry. On the other hand, where job skills have universal applicability across industry lines, e.g., clerical, professional, administrative, or managerial types of jobs, transferability of skills to industries differing from past work experience can usually be accomplished with very little, if any, vocational adjustment where jobs with similar skills can be identified as being within an individual's RFC…. When a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the State agency's determination or ALJ's decision.

SSR 82-41, 1982 SSR LEXIS 34.

In this case, Plaintiff's past relevant work was as a computer help desk technician at the City of Pittsburgh Housing Authority. Tr. 82. The VE testified that the DOT title for her work

was microcomputer support, DOT code 039.264-010. Id. The VE further testified that Plaintiff would have acquired computer skills, database support skills, computer installation, and printer installation skills.  Id.  The VE identified database support, DOT code 032.262.010, as a sedentary job that "utilizes the same skills she has."  As regards the job of database support, the VE was asked whether Plaintiff's past relevant work of microcomputer support worker created acquired skills that "transfer with little, if any, vocational adjustment in terms of tools, work processes, work settings or the industry from her position into those positions [including database support worker]." Tr. 83.  The VE responded as follows:

> Well, the only thing I'm not sure of is the industry issue. It's in the computer industry, computer service industry. I don't know that the -- within the specific Housing Authority, but basically regardless of the -- I'll say this, the environment in which you're working, the skills acquired, the skills acquired and utilized are the same.

Tr. 83-84.

It is evident that the VE was unsure how to characterize the industry within which the Housing Authority might fall, but was able to characterize the industry applicable to Plaintiff's job within the Housing Authority.  He testified that both Plaintiff's past relevant work and database support are in the "computer industry, computer services industry," and that "regardless," the work environment, along with skills acquired and utilized, are "the same."  Contrary to Plaintiff's suggestion, "the same" is more than "some degree of similarity."  Indeed, the ALJ observed that "the [VE] acknowledged that the claimant worked for the Pittsburgh Housing Authority and stated in terms of transferable skills to a specific industry, he considered the computer services industry." Tr. 35. While the VE's hesitancy regarding the Housing Authority appears unclear at first glance, the substance of the testimony provided a sufficient basis for the ALJ's decision.  Plaintiff's Motion will be denied.

## CONCLUSION

In conclusion, under applicable standards, the ALJ's decision was properly supported. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: March 12, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PETRIE HOLMES        )
                                 ) No. 20-402

    v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY

## ORDER

AND NOW, this 12th day of March, 2021, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

                                              BY THE COURT:

                                              */s/ Donetta W. Ambrose*
                                              _____

                                              Donetta W. Ambrose
                                              Senior Judge, U.S. District Court